UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UTE ROSS

    Plaintiff,

v.                                           Case No. 11-15078

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                          /

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION,
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

On December 11, 2012, Magistrate Judge Charles Binder issued a Report and Recommendation in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's motion for summary judgment, and deny Plaintiff's motion for summary judgment. Plaintiff filed two timely objections to the Magistrate Judge's report and recommendation. The court will deny Plaintiff's objections, adopt the report and recommendation, grant Defendant's motion for summary judgment, and deny Plaintiff's motion.

## I. STANDARD

### a. Substantial Evidence Standard

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). Judicial review when the Appeals Council declines to hear an appeal of the

denial of benefits is limited to the record and evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### b. Timely Objections and De Novo Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447

U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

3

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II.  DISCUSSION

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation restate the matters and arguments contained in the Plaintiff's motion for summary judgment in response to which the Magistrate Judge recommended denial.  Plaintiff repeats medical and administrative history and the legal arguments as set forth in his motion for summary judgment.  No objection is presented, however, as to any fact the Magistrate Judge is alleged to have stated incorrectly or any legal analysis the Magistrate Judge is supposed to have mistakenly applied, apart from Plaintiff's assertion that the Magistrate Judge "unfairly mischarcteriz[ed] the opinion evidence" and "portray[ed] the medical evidence in a light most favorable to the Commissioner." The court does not agree, and the court's independent review of the Magistrate Judge's Report and Recommendation reveals a thoughtful restatement of the available medical history tending to support Defendant's claims and tending to discount Plaintiff's claims, and an interpretation of that history in accord with the sequential analysis provided in 20 C.F.R. § 404.1520(a) - (e).  The court will adopt the Magistrate Judge's Report and Recommendation as the determination of the court.

## III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 17] are DENIED and the Magistrate Judge's report and recommendation [Dkt. #16] is

ADOPTED IN FULL AND INCORPORATED BY REFERENCE. IT IS FURTHER

ORDERED that Defendant's motion for summary judgment [Dkt. # 9] is GRANTED and

Plaintiff's motion for summary judgment [Dkt. # 10] is DENIED.

                                                  s/Robert H. Cleland  
                                                  ROBERT H. CLELAND  
                                                  UNITED STATES DISTRICT JUDGE

Dated: January 16, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 16, 2013, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner  
                                                  Case Manager and Deputy Clerk  
                                                  (313) 234-5522